MASON *et al. v.* WINSTEAD.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

JOSEPH L. LACKEY and VICTOR M. FALSTER, both of Nashville, for complainants.

Z. ALEXANDER LOOBY, of Nashville, and AVON N. WILLIAMS, JR., of Knoxville, for defendant.

MR. SPECIAL JUSTICE LLOYD S. ADAMS delivered the opinion of the court.

This cause was heard upon bill and answer in the Chancery Court of Davidson County, Tennessee. Defendant has appealed from an adverse decree.

The original bill was filed by Dennis Mason et al., alleging that complainants were six of the seven trustees of the Pleasant Valley Baptist Church, an unincorporated religious body with a colored membership, with its house of worship in Nashville; that in January 1948 the defendant A. L. Winstead was elected to serve as pastor of said Church for an indefinite period subject to termination at the will of a majority of members; that defendant performed his duties to the satisfaction of the members for about two years; that in February 1951 in the course of his sermon, in the presence of a large congregation and many visitors, he used vile and objectionable language in referring to certain members, and a large part of the congregation became so indignant that they left the church; that thereafter from time to time defendant in place of preaching the gospel used abusive and improper language from the pulpit and as a result a large number of the old and regular members ceased attending church and demanded that the complainants take action and remove the defendant from his office as pastor of the church; that in compliance with this demand a meeting was called of the membership for the purpose of vacating the pulpit and terminating the services of defendant as pastor; that at a meeting on December 18, 1952, held pursuant to proper notice, the members present voted unanimously to recall defendant and oust him as pastor and vacated the pulpit; that the defendant refused to vacate the pulpit but instead called a meeting of a small number of members, without prior notice, and without authority, and had himself voted in as pastor of the

church for life, in violation of the rules of the church "that no man shall serve as pastor for a longer term than the will of the congregation"; that defendant was claiming the right to occupy the pulpit under the authority of the unauthorized meeting and against the will of the trustees of the church and a large majority of the membership, and had placed a lock on the front door of the church and refused to recognize the right of the trustees to the possession of the church building, and forbade them to enter; that the defendant had no right to the possession of the church nor to conduct services or any other business therein or act as pastor of the congregation of the Pleasant Valley Baptist Church.

The only relief sought in the pleading is an injunction enjoining the defendant from conducting services or any other business in said church, or attempting to serve as pastor thereof and prohibiting him from disturbing worship in said church and that he be ordered and directed to surrender the keys and remove the padlock from the church door, and there is also a prayer for general relief. We quote the oath to this bill for an injunction:

"We, the undersigned do make oath in due form of law that we are the Trustees of the Pleasant Valley Baptist Church and that we are acting under the authority of a majority of the congregation of the said Pleasant Valley Baptist Church, and that the members of said church are entitled to the relief sought by this petition to the best of our knowledge, information and belief."

It is observed that the above oath is upon information and belief, and that oath to the defendant's answer is not waived in the bill or prayer.

The defendant filed a demurrer and sworn answer

to the original bill. The demurrer was overruled by the Chancellor, but the disposition of the demurrer becomes immaterial as the grounds thereof are contained in the answer. The answer is responsive to and denies, under oath, on defendant's personal knowledge, all material allegations of the original bill. In this situation, the answer, being responsive to the averments and charges contained in the original bill, and being sworn to positively on defendant's personal knowledge, has all the force and effect of a deposition. Gibson's Suits in Chancery, Par. 367.

To overcome such an answer, complainant must produce the counter evidence of two witnesses, or of one witness and corroborating circumstances. *Pearce* v. *Suggs,* 85 Tenn. 724, 4 S. W. 526.

As heretofore stated, the original bill for an injunction was sworn to on information and belief; and therefore is little more than hearsay, and is utterly inadequate to withstand a motion to dissolve an injunction, or to overturn a sworn answer, when the answer is sworn to positively and directly on the personal knowledge of defendant. Gibson's Suits in Chancery, Par. 788; *McLard* v. *Linnville and Gammon,* 29 Tenn. 163.

No evidence was introduced by complainants in support of the allegations of the original bill. We think the sworn answer of the defendant must prevail, and that the Chancellor was in error in sustaining the original bill and in granting the injunction. This disposes of all issues made by the pleadings, including property rights.

It is also disclosed in the record that the Clerk and Master, by order of the Court upon motion of solicitor for complainants, held an election, in which all the members of the church were permitted to vote, and as

a result there was a unanimous vote to dismiss the defendant and terminate his services as pastor of the church. We think this procedure was outside the scope of the pleadings, and also beyond the jurisdiction of the court, as the removal of a pastor is an ecclesiastical matter, and the tribunals of the church have exclusive authority in such cases without interference from the civil courts. *Travers* v. *Abbey,* 104 Tenn. 665, 58 S. W. 247, 51 L. R. A. 260; *Nance* v. *Busby,* 91 Tenn. 303, 18 S. W. 874, 15 L. R. A. 801; *Cannon* v. *Hickman,* 4 Tenn. App. 588.

For the reasons herein stated, the decree of the Chancellor is reversed and the cause dismissed, without prejudice as to the rights of the membership of the church to determine by proper proceedings under the laws of the church, whether a majority want to longer continue the services of Reverend Winstead. A decree in conformity with this opinion will be entered in this Court.