# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 16, 2005 Session

## SANDRA JOYCE HAYES v. WILLIAM TYSON, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-04-0071-1     Walter L. Evans, Chancellor**

---

**No. W2004-00750-COA-R3-CV - Filed April 19, 2005**

---

The trial court dismissed Plaintiff's causes of action for lack of subject matter jurisdiction.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Glenwood P. Roane, Sr., Memphis, Tennessee, for the appellant, Sandra Joyce Hayes.

Richard D. Bennett and Louis Jay Miller, Memphis, Tennessee, for the appellees, William Tyson, N. D. Sanders and First Baptist Church Chelsea.

## MEMORANDUM OPINION[1]

Petitioner Sandra Hayes (Rev. Hayes) was hired to serve as pastor of First Baptist Church Chelsea (First Baptist) in January 2003.  On December 31, 2003, William Tyson (Mr. Tyson), Chairman of the Board of Deacons, and Norvelle Sanders (Mr. Sanders), Chairman of the Board of Trustees, informed Rev. Hayes, in writing, that the members of First Baptist had voted to terminate her employment effective January 2, 2004.  On January 12, 2004, Rev. Hayes petitioned the Shelby County Chancery Court for a temporary restraining order and permanent injunction enjoining First

---

[1]Rule 10 of the Tennessee Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Baptist, Mr. Tyson, and Mr. Sanders (collectively, Respondents) from prohibiting her from preaching and performing pastoral functions. In her petition, Rev. Hayes asserted that, prior to termination, a member of First Baptist's Board of Deacons had prevented her from ministering to the congregation by defaming her in church. She further asserted she was terminated without the requisite number of votes from church membership.

On January 26, 2004, Respondents moved the court to dismiss Rev. Hayes' petition for lack of subject matter jurisdiction. In their motion, Respondents asserted First Baptist had hired Rev. Hayes for an indefinite period of time and without a written contract. They further asserted First Baptist's decision to terminate Rev. Hayes' employment was an ecclesiastic matter over which the court had no subject matter jurisdiction under the First Amendment to the United States Constitution. On January 28, Respondents filed an answer reiterating their position that the trial court lacked subject matter jurisdiction and further asserting, as an affirmative defense, Rev. Hayes' failure to state a claim for which relief may be granted.

The trial court dismissed the matter on February 19, 2004. In its order, the trial court determined that Rev. Hayes had not alleged any specific claims against Mr. Tyson or Mr. Sanders in their individual capacity. The trial court found that, although Rev. Hayes alleged a member of the church had defamed her, she did not allege that either Mr. Sanders or Mr. Tyson had made defamatory remarks against her. The court dismissed the matter insofar as it related to defamation for lack of jurisdiction under Tennessee Code Annotated § 16-11-102. The trial court dismissed the matter regarding allegations of wrongful discharge for lack of subject matter jurisdiction over an ecclesiastic matter. Rev. Hayes filed a timely notice of appeal to this Court.

### *Issues Presented*

Rev. Hayes raises the following issues for our review:

(1)     Whether Petitioner has met her burden of establishing subject matter jurisdiction in the chancery court.

(2)     Whether the chancery court erred in failing to transfer the case to circuit court.

### *Standard of Review*

The issues raised for our review present questions of law. Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App P. 13(d).

### *Analysis*

Rev. Hayes asserts the trial court had subject matter jurisdiction to enjoin Respondents from terminating her employment. We disagree.

In her petition, Rev. Hayes asserts Respondents terminated her in violation of church procedure. The courts have no jurisdiction over ecclesiastic matters. *Lewis v. Partee*, 62 S.W. 328, 333 (Tenn. 1901). With the exception of actions of a church affecting property or civil rights, the courts will not "revise or . . . inquire into the propriety or justice of the action of a church." *Id.* However, a court

> will inquire into the fact [of] whether a certain person has been elected pastor or is pastor, or whether certain persons are deacons or trustees, or whether certain persons have been excommunicated from the church or are still members of the church, in order to protect the church and its membership in the enjoyment of their property rights, and their civil liberty to worship undisturbed by threats and violence, or from trespasses by those who are not officers and members of the church.

*Id.* On the other hand, the removal of a pastor from a church is an ecclesiastic matter over which the civil courts have no jurisdiction. *Mason v. Winstead*, 265 S.W.2d 561, 563 (Tenn. 1954). Further, matters of church discipline, even where arguably procedurally flawed, are not within the jurisdiction of the civil courts. *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713-14 (1976). Thus, the trial court did not err in determining it lacked subject matter jurisdiction to enjoin Respondents from terminating Rev. Hayes' employment as pastor of First Baptist.

Rev. Hayes further asserts the trial court erred by not transferring her defamation claims to circuit court. We find this argument unconvincing. We first note that Rev. Hayes did not commence a cause of action seeking damages for defamation, nor did she seek to enjoin the actions of any person in particular. She merely petitioned the trial court to enjoin the acts of unnamed persons who, she alleges, prohibited her from performing her pastoral duties by making disparaging remarks in church. Rev. Hayes does not allege that either Mr. Tyson or Mr. Sanders made the allegedly defamatory remarks. In light of our holding above, we find this issue moot. There is simply nothing remaining for the court to enjoin.

### *Holding*

In light of the foregoing, judgment of the trial court dismissing this matter is affirmed. Costs of this appeal are taxed to the Appellant, Sandra Joyce Hayes, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-3-